Date signed February 10, 2006



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| **In Re:** | * | |
| **Joseph E. A. Johnson, III,** | * | Case No.    05-38580PM |
| | * | Chapter    13 |
| | * | |
| | * | |
| **Debtor(s)** | * | |

## MEMORANDUM OF DECISION

  Before the court is the Chapter 13 Trustee's objection to debtor's amended plan dated December 14, 2005, that is to be amended to provide for the payment of a $57,954.00 claim held by Navy Federal Credit Union in full with interest. The funds necessary to pay the interest are to be added to the amended plan so as to provide for full payment of the Credit Union. There are two issues involved. One involving whether it is appropriate to classify a debt where there is a co-debtor, here debtor's spouse, and next whether the payment of interest to a joint creditor amounts to unfair discrimination and, therefore, is barred by § 1322(b)(1) of the Bankruptcy Code.

  As noted in 8 COLLIER ON BANKRUPTCY, ¶ 1322.105[1] (15th ed. rev'd 2005), it is now generally accepted that there can be a classification of claims involving co-debtors. While it is obvious that this plan discriminates in favor of the Credit Union, the issue is whether this discrimination is unfair. A number of cases use the four factor test of: (1) whether the discrimination has a reasonable basis; (2) whether the debtor can carry out the plan without the discrimination; (3) whether the discrimination is proposed in good faith; and (4) whether the degree of discrimination is directly related to the basis or rationale for the discrimination. *In re Leser*, 939 F.2d 669, 672 (CA 8 1991). A more recent case, *In re Crawford*, 324 F.3d 539, 542 (CA 7 2003), the court discussed the tests involved for finding unfair discrimination and concluded:

> that this is one of those areas of the law in which it is not possible to do better than to instruct the first-line decision maker, the bankruptcy judge, to seek a result that is reasonable in light of the purposes of the relevant law, which in this case is Chapter 13 of the Bankruptcy Code; and to uphold his determination unless it is unreasonable (an abuse of discretion).

In the case before the court, no one opposes confirmation of the plan based on the debtor's failure to devote his projected disposable income to the plan or that the value of the property to be distributed under the plan to each allowed unsecured claim is less than would have been paid on the claim if the estate were liquidated under chapter 7.  While the debtor and his wife have substantial equity in their residence, the Credit Union is the only joint unsecured creditor.  As such, it is entitled to payment of its claim in full.  But should interest be paid at the expense of the creditors of the debtor only?

The court notes a division of authority on this point.  In the case of *In re Monroe*, 281 B.R. 398 (BC N.D. GA), the court entered an order confirming a chapter 13 plan that provided for payment of 12% interest on a debt subject to an unsecured security interest in debtor's vehicle that was co-signed.  In the case of *In re Ramirez*, 204 F.3d 595 (CA 5 2000), the Fifth Circuit affirmed the decision of the Bankruptcy Court in denying confirmation of a plan proposing to pay a co-signed debt in full with 12% interest prior to any distributions to other creditors.  Were the co-debtor spouse to join her husband in chapter 13, then the claim of the credit union would be barred from accruing interest by virtue of § 502(b)(2) of the Bankruptcy Code.  This leaves the court with the decision as to whether it is unfair discrimination to allow the debtor and his spouse, earning over $168,000.00 annually between them, to pay his unsecured creditors a dividend of 10% in order to spare his spouse from filing a bankruptcy case.

The court was told that an amended plan would be filed to increase funding.  Inasmuch as the amended plan is not now before the court, the court will set a hearing on **March 30, 2006**, at **3:15 p.m.**, to consider the plan that is then before it.

cc:    Timothy P. Branigan:  cmecf@chapter13maryland.com
       James Leonardo Neher:  jimneher@hotmail.com, lneherlaw@yahoo.com
       David N. Prensky (Navy Federal Credit Union):  d.prensky@chasenandchasen.com
       Roderick H. Angus:  rangus@halawfirm.com

**End of Memorandum Decision**